IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANET MARCH,                        )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   No. 05 C 6747
                                    )
CRISHAM & KUBES, LTD.,              )
                                    )
            Defendant.              )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Crisham & Kubes, Ltd's ("Crisham") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Janet March ("March") alleges that she began working for Crisham in March 2004, as a legal secretary and that she worked primarily for attorney Jeff Kubes ("Kubes"). March alleges that during her employment at Crisham, she "witnessed several incidents of sexually derogatory comments directed at women employees and racial minorities . . . ." (Compl. Par. 13). These alleged derogatory

1

comments came from "male/Caucasian employees and/or partners of the law firm." (Compl. Par. 13). March also claims that part of her daily duties was to monitor Kubes' email account and that on October 4, 2004, she read an email ("Email") that was forwarded by Bernard Castro ("Castro") to Kubes and that had purportedly been originally sent by Don Anderson ("Anderson") to Castro. In the Email, Anderson allegedly refers to March as a "hooker." (Compl. Par. 14). March alleges that she complained to Anderson about the Email and he allegedly told her to "f___ off." (Compl. Par. 16). March also claims that she subsequently complained to Kubes, Castro, and Tom Crisham, stating that she was "offended and demeaned by Mr. Anderson's unprovoked use of a sexually derogatory term to describe her in an email to her boss." (Compl. Par. 18).

According to March, on October 7, 2004, she was called into Tom Crisham's office to discuss the Email incident. March alleges that she was questioned about the Email incident by an "outside attorney" named Peter Silverman ("Silverman"). (Compl. Par. 20). March further alleges that she was later called back into the office, where she received an oral and written apology from Anderson. Finally, March alleges that on November 16, 2004, her employment was terminated. March filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 16, 2005. March subsequently brought the instant action and includes in her complaint a hostile work environment claim alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq* ("Title VII") (Count I), and

Title VII retaliation claim (Count II).

## LEGAL STANDARD

In ruling on a 12(b)(6) motion, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (stating that although the "plaintiffs' allegations provide[d] little detail [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action' . . . ." *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the

complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

I. Hostile Work Environment Claim (Count I)

Crisham argues that March has not presented sufficient allegations to state a valid hostile work environment claim. For a hostile work environment claim, a plaintiff must establish that: "(1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on her sex; (3) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile or offensive working environment that seriously affected her psychological well-being; and (4) there is a basis for employer liability." *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 902 (7th Cir. 2005)(quoting *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354-355 (7th Cir. 2001)).

4

### A. Allegations in Support of Claim

In the instant action, March alleges that she was an employee of Crisham. (Compl. Par. 10). She alleges that the Email was sent at Crisham that referred to her as a "hooker," which she contends has a derogatory meaning of a sexual nature. (Compl. Par. 14). March also alleges that she was told to "F__ off" by Anderson. (Compl. Par. 16). March indicates that such alleged actions were taken against her because of her gender and her race. (Compl. Par. 13, 18, 29). Such allegations as a whole are sufficient to state a hostile work environment claim.

### B. Alleged Poor Treatment of Co-Workers

March also alleges that on other occasions, she witnessed other instances of harassment that were "directed at women employees and racial minorities by some male/Caucasian employees and/or partners of the law firm." (Compl. Par. 13). The poor treatment of a plaintiff's co-workers is deemed to have a lesser impact upon the plaintiff than conduct that was directed at the plaintiff. *McKenzie v. Milwaukee County*, 381 F.3d 619, 624 (7th Cir. 2004)(stating that "the impact of such 'second-hand' harassment is not as great as harassment directed at [the plaintiff] herself"); *Smith v. Northeastern Illinois University*, 388 F.3d 559, 567 (7th Cir. 2004)(stating that impact from derogatory treatment of the plaintiff's co-workers is deemed to have a lesser impact than direct harassment). Thus, March's contentions concerning

5

co-workers does have some bearing on her hostile work environment claim, although the importance that is accorded to such evidence under the law is limited. Such a limitation on the evidence will be pertinent at the dispostive motion stage, as well as at trial if the case proceeds that far. For the purposes of the motion to dismiss, however, March's allegations concerning her co-workers is a part of the allegations showing that she has at least alleged a valid hostile work environment claim.

### C. Incidental Discovery of Email

March does not allege that the Email was directed at her personally by Anderson. Rather, March states that she merely came across the Email when reviewing Kubes' emails during her daily work. Offensive conduct that is not aimed directly at a plaintiff and is merely discovered at a later time is deemed to have a lesser impact on the plaintiff's work environment than conduct aimed directly at the plaintiff. *See, e.g., Whittaker v. Northern Illinois University*, 424 F.3d 640, 645 (7th Cir. 2005)(stating that "an objectively hostile work environment will not be found where '[m]ost of the conduct that forms the basis of [a plaintiff's] claim consists of derogatory statements made by supervisors or co-workers out of her hearing,' and the rest is 'isolated and not particularly severe'")(quoting *Mannie v. Potter*, 394 F.3d 977, 983 (7th Cir. 2005)). Thus, the impact of the Email upon March will also be deemed to be less because the alleged reference to her as a "hooker" was not made

in her presence or directed at her personally and thus did not cause her immediate embarrassment in front of co-workers who could have heard the comment. Although the impact of the Email is limited by the above case law, it is still part of the factual allegations showing that March has at least stated a valid hostile work environment claim. The impact of the Email may only be addressed at the dispositive motion stage and trial, if necessary.

### D. Limited Number of Instances of Alleged Harassment

Crisham argues that March has not stated a hostile work environment claim because March alleges only isolated incidents of harassment in support of her claim. Crisham's arguments, however, are premature. At this juncture, for the purposes of the motion to dismiss, we are merely examining the sufficiency of the complaint by determining whether plaintiff has stated a claim for relief. *Perkins*, 939 F.2d 466. We are also required to liberally construe the complaint in favor of March at this juncture and cannot dismiss the claim "unless it appears beyond doubt that [March] can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley*, 355 U.S. at 45-46. We also cannot presume, for the purposes of the instant motion, that we have been given all the facts by March concerning the Email incident. *Higgs*, 286 F.3d at 439.

Although Crisham correctly points out that March has not alleged more than a

few isolated instances of harassment, whether March has alleged sufficient instances of harassment or sufficiently severe harassment to show that there was a hostile work environment cannot be addressed at the pleadings stage. At the dispositive motion stage, March will be required to point to sufficient evidence that shows she was subjected to a hostile work environment. Crisham claims that the limited allegations of harassment presented by March cannot support a hostile work environment claim, but Crisham fails to cite any controlling precedent in which the Seventh Circuit has set hard and fast rules concerning the type of harassment or the numbers of incidents of harassment that are necessary to support a hostile work environment claim.

In fact, the Seventh Circuit has cautioned district courts from making any such presumptions when reviewing a motion to dismiss. In *Kolupa v. Roselle Park Dist.*, 438 F.3d 713 (7th Cir. 2006), for example, the Seventh Circuit was reviewing a district court's ruling granting a motion to dismiss based upon an alleged failure by the plaintiff to state a Title VII discrimination claim. *Id.* at 714. The district court had concluded that the warnings given to the plaintiff by his employer could not constitute an adverse employment action and dismissed the action. *Id.* at 715. The Seventh Circuit reversed the district court, criticizing the district court because it had "assumed that [the] warnings are harmless" and thus could not constitute an adverse employment action. *Id.* at 715-16. The Seventh Circuit pointed out that when reviewing a complaint, "judges must assume in the plaintiff's favor everything that could be shown consistent with the allegations, and it is not hard to imagine proof

that would make the claim viable." *Id.* The court noted that the warnings given to the plaintiff "may have been accompanied by suspensions or contributed to a paper record that led to suspension or discharge later" and that "[w]hether any given step is an adverse employment action (alone or in combination with some other act) goes to the merits . . .[and] these details may be explored in discovery, on motion for summary judgment, and if necessary at trial, but need not be included in complaints." *Id.* Thus, based on the court's reasoning in *Kolupa*, we similarly cannot, at this stage of the proceedings, make assumptions concerning March's case based solely on her complaint. We cannot presume the scope of the alleged harassment against March or its severity and impact upon March's work environment. March alleges that she was an employee and that she was harassed at work because of her race and gender, which is sufficient to state a hostile work environment claim.

### E. Seventh Circuit Case Law in Support of Dismissal

Crisham cites and examines the holding in *Perkins* as support for a dismissal in the instant action. (Reply 2-3). However, in *Perkins*, the court concluded that the plaintiff's complaint was insufficient because "[i]n place of particularized factual allegations," the plaintiff presented the court "with general statements of the law which were lifted verbatim from federal statutes, regulations and case law dealing with employment discrimination, *i.e.*, 'quid pro quo harassment,' 'hostile work

9

environment,' 'unwelcome sexual advances,' 'age discrimination,' 'wrongful termination,' 'equal protection,' 'due process,' and 'conspiracy.'" 939 F.2d at 467. In contrast, in the instant action, March has not simply presented the court with references to statutes and legal descriptions of her claim. As is illustrated in the background section above, March has presented the court with factual allegations to support her claims. The instant action is thus distinguishable from *Perkins*.

Crisham also cites *Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675 (7th Cir. 2005), in support of its position. (Reply 1-2). In *Racicot*, the Seventh Circuit agreed with the district court that the incidents of harassment alleged by the plaintiff "even when taken together, fall short of an objectively offensive work environment." *Id.* at 678. However, in *Racicot,* the Seventh Circuit was not reviewing a district court's ruling on a motion to dismiss. Rather, the Seventh Circuit was reviewing a district court's ruling granting the defendants' motion for summary judgment. *Id.* Thus, *Racicot* is distinguishable from the instant action, in which we have a motion to dismiss before us.

F. Apology by Anderson

Crisham also argues that March's work environment was not hostile because Anderson eventually apologized to March. The fact that Anderson did apologize to March is evidence that would tend to indicate that the alleged tension in March's work environment would have been eventually lessened. However, such an argument

is premature and would only be appropriate in a motion for summary judgment. Therefore, based on all of the above, we deny Crisham's motion to dismiss the hostile work environment claim (Count I).

II. Retaliation Claim (Count II)

Crisham also argues that March has failed to state a Title VII retaliation claim (Count II). The Title VII anti-retaliation provision provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

A. Discriminatory Term or Condition of Employment

Crisham argues that March has failed to allege an incident that "constitutes a discriminatory term or condition of one's employment." (Mot. 3). However, there is no such showing required by a plaintiff for a retaliation claim. To the extent that Crisham is looking ahead in these proceedings to the standard applied to summary judgment motions and is arguing that March did not suffer an adverse employment action, such an argument is premature at this stage of the proceedings. Crisham acknowledges in its own brief that March's employment was terminated, which can be considered to be an adverse employment action. *See, e.g., Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005).

B. Protected Activity.

Crisham also argues that March did not engage in any protected activity under the anti-retaliation provision of Title VII. A plaintiff engages in protected activity under the anti-retaliation provision of Title VII when the plaintiff files an EEOC charge. *See, e.g., Hasan v. United States Dept. of Labor*, 400 F.3d 1001, 1004 (7th Cir. 2005). An informal complaint about harassment or discrimination can also constitute protected activity under the anti-retaliation provision of Title VII. *See Smith*, 388 F.3d at 568 (stating that plaintiff engaged in protected activity when she made an informal complaint). A plaintiff has not engaged in protected activity if the plaintiff did not complain about conduct that she "reasonably believed in good faith . . . violated Title VII.'" *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 234 (7th Cir. 2004)(quoting *Fine v. Ryan Int'l Airlines,* 305 F.3d 746, 752 (7th Cir. 2002)).

In the instant action, March admits that she did not file her EEOC charges until after she was fired, and thus she cannot argue that Crisham retaliated against her because she filed an EEOC charge. (Compl. Par. 6). March does allege that she complained about the Email to Anderson, Kubes, Castro, and Tom Crisham. (Compl. Par. 17). Thus, March alleges that she opposed conduct that violated Title VII. March alleges that Kubes is a supervisor at Crisham. For the purposes of the motion to dismiss, we must accept March's allegations as true, and her allegations indicate that she made her complaints to at least one supervisor at Crisham in a good

faith belief that she was complaining about conduct that violated Title VII. There is nothing in March's allegations that would indicate otherwise.

Crisham argues that March could not have reasonably believed in good faith that the isolated Email was sufficient to constitute a violation of Title VII. However, Crisham is again prematurely arguing against the merits of March's claims. There is no clear controlling precedent stating that such an email is insufficient to support a Title VII retaliation claim and that would enable a court to dismiss outright a claim that is based on such an email. We thus conclude that March has provided sufficient allegations to indicate that she engaged in protected activity under the anti-retaliation provision of Title VII. Therefore, we deny Crisham's motion to dismiss the Title VII retaliation claim (Count II).

## CONCLUSION

Based on the foregoing analysis, we deny Crisham's motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 17, 2006